# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

|  |  |
|---|---|
| STERLING MISANIN, et al., | |
| *Plaintiffs*, | |
| v. | Case No.: 2:24-cv-04734-RMG |
| ALAN WILSON, in his official capacity as Attorney General of South Carolina, et al., | |
| *Defendants*. | |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiffs Sterling Misanin, Jane Doe, Jill Ray, Gary Goe, Grant Goe, Nancy Noe, and Nina Noe; and Defendants Alan Wilson, in his official capacity as Attorney General of South Carolina; South Carolina Department of Health and Human Services (DHHS); Robert Kerr, in his official capacity as Director of DHHS; South Carolina Public Employee Benefit Authority (PEBA); Peggy Boykin, in her official capacity as Executive Director of PEBA; Medical University of South Carolina (MUSC); David Cole in his official capacity as President of MUSC; and James Lemon, Guy Castles, III, Donald R. Johnson, II, Richard M. Christian, Jr., Henry Frederick Butehorn, III; G. Murrell Smith, Sr., W. Melvin Brown, III, Paul T. Davis, Michael E. Stavrinakis, William H. Bingham, Sr., Charles W. Schulze, Thomas L. Stephenson, Terri R. Barnes, Barbara Johnson-Williams, The Hon. James A. Battle, Jr., and Bartlett J. Witherspoon, in their official capacities as board members of MUSC (collectively, "the parties") hereby enter into this Stipulated Confidentiality Agreement and Protective Order to facilitate the exchange of documents and information. Unless modified pursuant to the terms contained herein, this Order

shall remain in effect through the conclusion of this litigation.

The parties agree that this Order shall control the disclosure, dissemination, and use of confidential material produced in discovery. The parties acknowledge that this Order does not confer blanket protections on all disclosures or discovery responses and that the protection it affords from public disclosures and use extends only to the limited information or items that are entitled to protected treatment pursuant to this Order.

Whereas, the parties to this Stipulated Confidentiality Agreement and Protective Order, have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 15th day of October, 2024, ORDERED:

1.  **Necessity of Protective Order:**  Discovery in this matter is likely to extend to, among other things, confidential medical information, confidential identifying information, as well as information that may be confidential and sensitive.

2.  **Scope of Protective Order:**  As a means of avoiding dispute with respect to the parties' requests for information requiring protected treatment, the parties have agreed to produce information requiring protected treatment pursuant to the terms of this Order. This order shall govern the production, use, and disclosure of information produced by any party or non-party, including in response to any discovery request, in *Misanin, et al. v. Wilson, et al.* (Case No. 2:24-cv-04734-BHH).

3.  **Designation of Protected Material:**  Any party or non-party producing Discovery Material in this action may designate such Discovery Material and the information contained therein that the designating party reasonably and in good faith believes contains information requiring protected treatment—including, for example, sensitive personal information not generally disclosed to the public or personal financial information—as

Protected Material subject to this Order by stamping "Confidential" on each page of the document or on each page of the portion(s) of the document for which protected treatment is designated. Any party or non-party producing Discovery Material in this action may designate such Discovery Material and the information contained therein that the designating party reasonably and in good faith believes contains highly sensitive information—including, for example, medical records and health information—as Protected Material subject to this Order by stamping "Attorneys Eyes Only" on each page of the document or on each page of the portion(s) of the document for which protected treatment is designated. Information designated as "Confidential" or "Attorneys Eyes Only" pursuant to this Paragraph 3 ("Protected Material") shall be treated as protected pursuant to this Order.

4.      **Discovery Material:** The parties shall have the right to designate as Protected Material any part or the whole of any answers to discovery, answers in interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, or deposition testimony or other information (collectively, "Discovery Material") that the parties deem to be confidential. Any Discovery Material that the parties have designated as Protected Material shall constitute information under this Order requiring protected treatment, both in form and substance.

5.      **Deposition Testimony:** Deposition testimony can be designated by the parties as Protected Material. The parties can designate portions of such testimony as Protected Material by providing written notice of such designation to the opposing party within thirty (30) days of receipt of the deposition transcript to be designated as Protected Material. Until thirty (30) days after receipt of the deposition transcript, or such earlier time as the Parties may agree in writing, all deposition testimony shall be treated by the parties as "Confidential."

6.    **Native Documents:** Electronic documents produced in native format may be designated for protected treatment under this Order by designation on the physical media (e.g., disk, flash drive) containing such electronic documents; by naming the native file "Confidential" or "Attorneys Eyes Only," as applicable, along with its bates-number; or by stamping "Confidential" or "Attorneys Eyes Only," as applicable, on a slipsheet accompanying the native file if the file is served electronically.

7.    **Limitation on Use:** Information designated for protected treatment under this Order, as well as copies, summaries, notes, memoranda, and computer databases relating thereto, shall be used strictly in accordance with the terms in this Order and solely for the purpose of prosecution or defense of this action. At no time shall such information be disclosed to or used by any person, corporation, or entity except as permitted by this Order. The parties, their attorneys, and anyone else acting on their behalf shall take such precautions with Protected Material as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

8.    **Limited Disclosure of "Confidential" Protected Material:** Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript, or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from, any such materials (including, but not limited to, all deposition testimony that refers to, reflects, or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers, employees, and any stenographic reporters of such courts; (b) parties to this litigation; (c) counsel for the parties, whether retained outside

counsel or in-house counsel, and employees or contractors of counsel assigned to assist such counsel in the preparation of this litigation, including e-discovery vendors; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; (e) fact witnesses preparing for and testifying at a deposition; (f) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown confidential documents prepared after the date of his or her departure); and (g) experts specifically retained as consultants or expert witnesses in connection with this litigation.

9.     **Limited Disclosure of "Attorneys Eyes Only" Protected Material:** Except with the prior written consent of the individual or entity designating a document or portions of a document as "Attorneys Eyes Only," or pursuant to prior Order after notice, any document, transcript, or pleading given "Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from, any such materials (including, but not limited to, all deposition testimony that refers to, reflects, or otherwise discusses any information designated "Attorneys Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers, employees, and any stenographic reporters of such courts; (b) counsel for the parties, whether retained outside counsel or in-house counsel, and employees or contractors of counsel assigned to assist such counsel in the preparation of this litigation, including e-discovery vendors; (c) experts specifically retained as consultants or expert witnesses in connection with this litigation, including any such expert witnesses testifying at a deposition in this matter; and (d) the individual plaintiff to whom the protected material relates, at any deposition of such plaintiff, or a legal parent or guardian, child or spouse, or medical provider for any such plaintiff, at any

deposition of any such person.

10.    **Identities of Pseudonymous Plaintiffs:** Upon request, Plaintiffs will disclose to Defendants' counsel the legal names of the Pseudonymous Plaintiffs. The parties shall treat the legal names and identities of the Pseudonymous Plaintiffs as information designated "Attorneys Eyes Only."

11.    **Acknowledgement by Third-Parties:** Information designated as "Confidential" shall not be made available to any person designated in Subparagraph 8(e)-(g), and information designated as "Attorneys Eyes Only" shall not be made available to any person designated in Subparagraph 9(c), unless such person has first read this Order, agreed to be bound by its terms, and signed the declaration of compliance attached hereto as Exhibit A. The parties agree that no party will call a witness who refuses to abide by the terms of this Order.

12.    **Filed Documents:** Unless and until the Court enters an LR 5.03 Order, any Discovery Material that has been designated "Confidential" or "Attorneys Eyes Only" and any pleadings, motions, or other papers that disclose any such information shall be filed with the Court under seal in accordance with the default procedures of Local Civil Rule 5.03. Provided that, the party that produced the information so designated may consent to such filings being made public. Before pursuing the dispute resolution procedures in Paragraph 12, any party that desires to make public information designated "Confidential" or "Attorneys Eyes Only" shall meet and confer with counsel for the party that produced the information. If the Court enters an LR 5.03 Order, the procedures in the order will govern the filing of sealed documents.

13.    **Objection to Designation:** In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved, the party objecting to the designation

may seek appropriate relief from this Court. The party asserting the designation as "Confidential" or "Attorneys Eyes Only" shall bear the burden of demonstrating that the information is entitled to protection under this Order or other applicable law. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Attorneys Eyes Only," as applicable, subject to the provisions of this Order.

14. **Effect of Designation:** The designation of Protected Material pursuant to the Protective Order shall not be construed as a waiver of any objection or a concession by any party that such Protected Material is relevant or material to any use. Nor shall a failure to object to the designation of any such Protected Material be construed as a concession by the receiving parties that such Protected Material is, in fact, confidential or otherwise entitled to protection under the terms of this Protective Order. All parties maintain their respective rights to object to the production of requested documents on the grounds that they are not discoverable, including, but not limited to, objections based on any applicable privilege, undue burden, overbreadth, relevance, proportionality to the needs of the case, and protection under state or federal law, including decisional law.

15. **Late Designation:** The producing party's inadvertent production of any Discovery Material without designation as Protected Material, or failure to designate deposition testimony, shall not be deemed a waiver of the producing party's claim of confidentiality as to that material and shall not preclude a party at a later time from subsequently designating or objecting to the designation of such information or documents. If the producing party wishes to afford protected treatment to any material after production, the producing party shall notify the receiving party that the material is designated as "Confidential" or "Attorneys Eyes Only," as

applicable. However, the parties understand and acknowledge that a party's failure to designate Discovery Material as protected under this Order relieves the other parties of any obligation of confidentiality until such a designation is made. All documents containing any such subsequently designated information will be thereafter treated in accordance with this Order. If the receiving party disagrees with the designation, the receiving party may follow the dispute resolution procedures in Paragraph 12 above.

16.    **Privileged Material:** Consistent with Federal Rule of Evidence 502(d), the production of privileged or work-product protected documents or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

17.    **Subpoena of Protected Material:** If a person in possession of Protected Material under this Order who is not the producing party with respect to that material receives a subpoena or other request that would require production or other disclosure of Protected Material, that person shall immediately give written notice to counsel for the producing party and identify the Protected Material sought and the date and time that production or other disclosure is required. In no event should production or disclosure be made without written approval by counsel for the producing party or by further order of the Court or another court of competent jurisdiction.

18.    **Application to Court Proceedings:** Subject to any order of the Court or another court of competent jurisdiction, the parties cannot use or disclose any Protected Material in any court proceeding that is open to persons not authorized to have access to such Protected Material under the terms of this Order. This provision does not limit the right of any of the Parties to file

any Protected Material under seal as described above or submit any Protected Material in camera to the Court.

19.    **No Limitation on Designating Party:** Nothing herein shall be construed as limiting a party's use of its own Protected Material, and such use shall not constitute a waiver of the terms of this Order or the status of such information as Protected Material unless that use makes the Protected Material available publicly. Any party may remove the "Confidential" or "Attorneys Eyes Only" designation from any information it has previously so designated.

20.    **Inadvertent Disclosure of Protected Material:** Should any Protected Material be disclosed, through inadvertence or otherwise, to any person and/or entity not entitled to access or review, then the disclosing party must: (a) promptly inform the person or entity to whom inadvertent disclosure was made of all provisions of this Order and request in writing that such person or entity return the Protected Material to the disclosing party; and (b) promptly notify all counsel of record in this matter of the inadvertent disclosure. Inadvertent disclosure of any Protected Material, regardless of whether said Protected Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the confidentiality of the Protected Material in accordance with the terms of this Protective Order, either as to specific Protected Material disclosed, or as to any other information relating thereto or relating to the same or related subject matter.

21.    **Third-Party Designations:** Third parties who are the subject of discovery requests, subpoenas, or depositions in this case may take advantage of the provisions of this Protective Order by providing the parties with written notice that they intend to comply with and be bound by the terms of this Protective Order. Any party serving third party discovery requests must include a copy of this Stipulated Confidentiality Agreement and Protective Order

with those requests. Moreover, the parties agree that, before serving a third party with discovery requests, counsel shall provide a copy of those discovery requests to opposing counsel with at least two business days' notice so that the parties can meet and confer about any potential confidentiality issues that may arise as a result of those requests, including but not limited to the disclosure of the Pseudonymous Plaintiffs' identities.

22.    **Enforcement:** All persons to whom Protected Material is disclosed shall be subject to the jurisdiction of the Court, for the purpose of enforcing the terms of this Protective Order. The confidentiality obligations of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom. This Court shall retain continuing jurisdiction to enforce the terms of this Order. This Protective Order shall continue in full force and effect, and shall be binding upon the parties and all parties to whom Protected Material has been disclosed, both during and after the pendency of this case unless or until the designating party agrees in writing or the court orders the disclosure of the Protected Material.

23.    **Return of Protected Material:** Within sixty (60) days after the final resolution of this matter, including any settlement or appellate proceeding, the parties agree to return to opposing counsel, or destroy the original and any copies of any Protected Material produced. The attorneys for parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda, containing Protected Material. Such litigation documents and memoranda shall be used only for the purpose of preserving files from this action and shall not, without the written permission of the designating party or an order of the Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Protective Order. The ultimate disposition of Protected Material on the completion of litigation shall be subject to a final order of the Court.

24.    **Application of State Law:** If any application of this Order conflicts with a provision of state law, the parties agree to meet and confer to resolve any potential conflict and, if necessary, to seek a court order to ensure compliance with state law.

25.    **Modification:** Any party may at any time and for any reason seek modification of this Order. This Order can be modified only by written agreement of the parties or by Order of this Court. Each party reserves the right to object to any party's motion or request to modify this Order.

IT IS SO ORDERED.

s/Richard M. Gergel
UNITED STATES DISTRICT JUDGE

October 15, 2024
Charleston, South Carolina

AGREED TO BY:

/s/ Meredith McPhail
Allen Chaney (Fed. Id. No. 13181)
Meredith McPhail (Fed. Id. No. 13500)
ACLU OF SOUTH CAROLINA
P.O. Box 1668
Columbia, SC 29202
T: 843-259-2925
achaney@aclusc.org
mmcphail@aclusc.org

/s/ Sruti Swaminathan
Sruti Swaminathan*
Harper Seldin*
AMERICAN CIVIL LIBERTIES
UNION
FOUNDATION
125 Broad St., Fl 18
New York, NY 10004
T: 212-549-2500
sswaminathan@aclu.org
hseldin@aclu.org


/s/ Julie Singer
David S. Flugman*
Corey Stoughton*
Julie Singer*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
T: 212-390-9000
dflugman@selendygay.com
cstoughton@selendygay.com
jsinger@selendygay.com


*Application for Admission Pro Hac Vice
Forthcoming*


*Counsel for Plaintiffs*

/s/ Thomas T. Hydrick
Thomas T. Hydrick (Fed. 13322)
Assistant Deputy Solicitor General
Office of the Attorney General
P.O. Box 11549
Columbia, SC 29211
T: 803-734-4127
ThomasHydrick@scag.gov

/s/ David H. Thompson
David H. Thompson*
Brian W. Barnes*
Nicole J. Moss*
Clark L. Hildabrand*
John D. Ramer*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com

*Counsel for Defendants*

* *Pro Hac Vice*

12

**EXHIBIT A**

The undersigned has read and understands the terms of the Stipulated Protective Order effective in this case, *Misanin, et al. v. Wilson, et al.*, Civil Action No. 2:24-cv-04734-RMG, which is currently pending in the United States District Court of the District of South Carolina.

The undersigned agrees (i) to abide by the terms of the Stipulated Protective Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Stipulated Protective Order, including confidential information, except as permitted by the terms of the Stipulated Protective Order; and (iii) to submit to the jurisdiction of the United States District Court for the District of South Carolina for resolution of any issues arising under the Stipulated Protective Order.

Signed:

Printed:

Date