# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Sterling Misanin, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | C.A. No. 2:24-4734-RMG |
| ) | |
| Alan Wilson, in his official capacity as ) | |
| the Attorney General of South Carolina, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | **ORDER** |
| ) | |
| ) | |

The parties have jointly moved to stay the filing of any motion to dismiss, presently due on or before November 15, 2024, until after the Court has ruled on Plaintiffs' motions for class certification and preliminary injunction. (Dkt. No. 48). The Court grants in part and denies in part the motion. The Court hereby stays the date for the filing of motions to dismiss until further order of the Court.

A number of issues highly relevant to this litigation are presently being adjudicated by several appellate courts. In *L.W. v. Skrmetti*, 83 F.4th 460 (6th Cir. 2023), the Sixth Circuit reversed a decision of a district court enjoining Kentucky and Tennessee from enforcing bans on administering hormones or puberty blockers to transgender minors. The Supreme Court has now granted certiorari in that case. *United States v. Skrmetti*, 144 S.Ct. 2679 (June 24, 2024). The Eleventh Circuit, in *Eknes-Tucker v. Governor of Alabama*, 80 F.4th 1205 (11th Cir. 2023), vacated an injunction issued by an Alabama federal district court which enjoined the enforcement of a statute prohibiting the administration of hormone treatments and puberty blockers for transgender minors. The United States Supreme Court, in *Labrador v. Poe*, 144 S.Ct. 921 (April

15, 2024), stayed the application of a universal injunction issued by an Idaho federal district court enjoining an Idaho statute prohibiting gender affirming care for transgender minors after the Ninth Circuit Court of Appeals denied the request for a stay. Additionally, certiorari is presently being sought challenging the en banc decision of the Fourth Circuit Court of Appeals, *Kadel v. Folwell*, 100 F.4th 122 (4th Cir. April 29, 2024), which affirmed the decisions of West Virginia and North Carolina federal district courts enjoining state statutes prohibiting access to gender affirming care for minors. All briefing on the petition for certiorari in *Kadel* has now been completed and the parties are awaiting a decision on the petition by the United States Supreme Court.

The Court is actively considering staying this case to allow the United States Supreme Court the opportunity to address issues presently pending before it relating to the rights of transgender minors to access gender affirming hormonal and puberty blocking treatments. When district courts consider whether to exercise their discretion to briefly stay a case to allow related appellate court cases to be decided, they typically consider the following factors: (1) judicial economy; (2) prejudice to the plaintiff if a stay is granted; and (3) prejudice to the defendant if a stay is denied. *See International Refugee Assistance Project v. Trump*, 323 F.Supp.3d 726, 731 (D. Md. 2018); *Johnson v. DePuy Orthopaedics, Inc*. 2012 WL 4538642 at *2 (D.S.C. 2012).

Before making a decision on whether to issue a brief stay of this action, the Court welcomes responses from the parties. Any party desiring to address this issue may file a response within 15 days of this Order.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

November 14, 2024
Charleston, South Carolina