# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Sterling Misanin, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | C.A. No. 2:24-4734-RMG |
| ) | |
| Alan Wilson, in his official capacity as ) | |
| the Attorney General of South Carolina, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | **ORDER** |
| ) | |

By Order dated November 14, 2024, the Court informed the parties that it was "actively considering staying this case to allow the United States Supreme Court to address issues presently pending before it relating to the rights of transgender minors to access gender affirming hormonal and puberty blocking treatments." (Dkt. No. 49 at 2). On June 24, 2024, the United States Supreme Court granted certiorari in *United States v. Skrmetti*, Case No. 23-477, a Sixth Circuit Court of Appeals decision which overturned district court decisions from Kentucky and Tennessee granting preliminary injunctive relief to transgender minors denied access to certain medical treatments. 83 F.4th 460 (6th Cir. 2023). The Supreme Court conducted oral argument in *Skrmetti* on December 4, 2024. Plaintiffs oppose the staying of this action pending the Supreme Court's decision in *Skrmetti* and Defendants support the stay. (Dkt. Nos. 54, 55).

It is well settled that a district court has the inherent authority to stay a case where an issue potentially impacting the outcome of the case is presently on the docket of the United States Supreme Court. *Landis v. North America Co.*, 299 U.S. 248, 254 (1936); *Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) (unpublished). This discretion is not unlimited, however, and any stay

1

should be fixed with reasonable time limits to avoid a stay of indefinite duration. *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). Factors to consider in granting or denying a stay when a related matter is pending before the Supreme Court include the judicial economy likely to be saved by waiting on a decision by the Supreme Court, whether the Supreme Court's decision will likely provide "definitive guidance on key legal questions," and the "hardship/prejudice to the party opposing the stay, given its duration." *Latta v. Dep't of Educ.*, 653 F.Supp.3d 435, 439 (S.D. Ohio 2023); *Int'l Refugee Assistance Project v. Trump*, 323 F.Supp.3d 726, 734 (D. Md. 2018); *Benisek v. Lamone*, 266 F.Supp.3d 799, 803 (D. Md. 2017).

Plaintiffs accurately note that the issues pending before this Court are broader than the issues before the Supreme Court in *Skrmetti*. But it is also true that *Skrmetti* raises an issue central to many of the Plaintiffs' claims before this Court—the level of scrutiny that is to be applied to legislation that addresses the right to access to medical treatments for transgender minors. Further, assuming that the duration of any stay would be tied to action taken by the Supreme Court in *Skrmetti* during the present term, the stay would be no longer than six to seven months.

Plaintiffs argue that transgender minors within South Carolina would suffer irreparable injury by any stay, no matter what duration. Defendants contest this assertion, arguing that there is significant disagreement within the medical profession across the United States and internationally on the efficacy of the medical treatment sought by the Plaintiffs. The Court finds it unnecessary to resolve this issue because under any scenario, after carefully weighing all of the factors, prudence dictates a brief stay of this litigation to allow the Supreme Court to rule in *Skrmetti*, which will likely provide the Court important guidance on critical issues pending in this action.

The Court further notes that at least five courts, including two courts of appeal and three district courts, have issued stays in pending cases involving the rights of transgender minors to certain medical treatments while awaiting a decision in *Skrmetti*. *Poe v. Lawlis*, App. No.23-5110 (10th Cir. October 29, 2024); *Poe v. Labrador*, App. No. 24-142 (9th Cir. September 16, 2024); *Koe v. Noggle*, C.A. No. 1:23-2904 (N.D. Ga. September 13, 2024); *K.C. v. The Individual Members of the Medical Licensing Board of Indiana*, C.A. No. 1:23-595 (S.D. Ind. July 9, 2024); *Boe v. Marshall*, C.A. No. 2:22-184 (M.D. Ala. July 2, 2024).

The Court hereby stays this action until the Supreme Court enters an order on the merits in *Skrmetti* or the Supreme Court's October 2024-June 2025 term ends, whichever is sooner. If the Supreme Court enters an order in *Skrmetti* addressing the merits of the appeal during its present term, Plaintiffs and Defendants are directed to file with this Court their views regarding the impact, if any, of the *Skremetti* decision on the issues present in this action. The parties shall make their submissions within 15 days of the Supreme Court's order.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 19, 2024
Charleston, South Carolina