# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Sterling Misanin, *et al.*, | Case No. 2:24-cv-4734-RMG |
| Plaintiffs, | |
| v. | **ORDER** |
| Alan Wilson, in his official capacity as Attorney General of South Carolina, *et al.*, | |
| Defendants. | |

Plaintiffs in this case include two minors and their parents as well as three adult transgender individuals challenging a South Carolina law prohibiting the provision of gender transition procedures to minors and the use of public funds for gender transition procedures for individuals of all ages. S.C. Code Ann. § 44-42-310, et seq., ("H 4624"). (*See generally* Dkt. No. 1). The Court imposed a stay in this case pending the Supreme Court's decision in *United States v. Skrmetti* (Case No. 23-477) on December 19, 2024. (Dkt. No. 56). The Court contemplated at the time that "*Skrmetti* raise[d] an issue central to many of the Plaintiffs' claims before this Court—the level of scrutiny that is to be applied to legislation that addresses the right to access to medical treatments for transgender minors." (*Id.* at 2).

In the Supreme Court's June 18, 2025 decision, the Court applied rational basis review to a Tennessee law banning certain medical treatment for transgender minors, reasoning "[the law] does not classify on any bases that warrant heightened review" and instead "classifies on the basis of age . . . [and] on the basis of medical use." *United States v. Skrmetti*, 145 S. Ct. 1816, 1829 (2025). The Court explicitly held that the Tennessee law "does not classify on the basis of transgender status" and upheld its constitutionality under the Equal Protection Clause of the

Fourteenth Amendment, recognizing that a rational basis existed for the Tennessee law's classifications—the risks and benefits associated with administering puberty blockers and hormones to treat gender dysphoria, gender identity disorder, and gender incongruence. (*Id.* at 1833, 1836).

Plaintiffs rely heavily on *Kadel v. Folwell*, 100 F.4th 122 (2024), where the Fourth Circuit applied intermediate scrutiny to plaintiffs' challenges to state Medicare and employee health plans that denied coverage of certain treatments for certain diagnoses (*i.e.*, gender dysphoria) while permitting such treatments for other conditions, reasoning that "discriminating on the basis of diagnosis *is* discriminating on the basis of gender identity and sex." *Id.* at 141-42 (emphasis in original). On June 30, 2025, the United States Supreme Court vacated the Fourth Circuit's opinion in *Kadel* and remanded the case for further proceedings in light of *Skrmetti*. *Folwell v. Kadel*, 2025 WL 1787687 (June 30, 2025).

This Court finds it appropriate under the present circumstances to **STAY** this case until such time as the Fourth Circuit has reached a decision on remand in *Kadel*. The Parties are directed to submit briefing on the impact of the Fourth Circuit's decision on their case within 14 days after the Fourth Circuit issues a decision in *Kadel* following remand.

**AND IT IS SO ORDERED.**

　s/ Richard Mark Gergel　
　Richard Mark Gergel
　United States District Judge

July 7, 2025
Charleston, South Carolina

2